Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1482 | **DATE** | 8/19/2002 |
| **CASE TITLE** | Donmar, Inc. vs. Swanky Partners, INc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Swanky Partner's motion to dismiss (8-1) for lack of personal jurisdiction is granted. Any pending motions are moot. The ruling date of 8/29/02 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 27 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/19/2002 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONMAR, INC. )
      Plaintiff, )
)
v. ) No. 02 C 1482
)
SWANKY PARTNERS, INC. )
)
      Defendant. )

DOCKETED

AUG 2 0 2002

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Senior Judge:

Plaintiff Donmar, Inc. ("Donmar") filed a complaint against Defendant Swanky Partners, Inc. ("Swanky Partners"), alleging trademark infringement and unfair competition under the Lanham Act. Donmar also alleged unfair competition, trademark infringement, and consumer fraud under the Illinois Uniform Deceptive Trade Practices Act. Swanky Partners has filed a motion to dismiss for lack of personal jurisdiction. For the reasons stated below, the motion to dismiss is granted.

### I. FACTUAL BACKGROUND

The following facts are adopted from Donmar's complaint and the uncontested jurisdictional facts asserted by Swanky Partners and are assumed to be true for purposes of this motion. Donmar, an Illinois corporation, owns and operates the "Leopard Lounge," a nightclub located in the Bucktown neighborhood of Chicago, Illinois since 1996. The "Leopard Lounge" provides bar and restaurant services at its single location. Donmar has registered the "Leopard Lounge" trademark in connection with its bar and restaurant services. According to Donmar, the Leopard Lounge is well known throughout the Chicago area and the United States as an exciting and unique nightspot.

In December 1997, Swanky Partners, a Georgia corporation, opened a nightclub also named the "Leopard Lounge" in Atlanta, Georgia. In early 1998, Swanky Partners registered the domain

1



name "leopardlounge.com" and posted a passive advertisement for the Atlanta nightclub on its web site. Until October 1998, this site allowed no interaction between users and the host computer. Thereafter, however, the site allowed users to sign up for a mailing list and receive driving directions from locations within Atlanta. Out-of-state residents were intentionally removed from the mailing list because Swanky Partners wished to target only persons within driving distance.

During 1998, one of Swanky Partners' former partners visited the Chicago Leopard Lounge on a personal vacation and left his business card as a social gesture. This is Defendant's only known contact with Illinois, other than the maintenance of a web site. Donmar became aware of the Georgia Leopard Lounge because of this visit.

Three years later, Donmar discovered that the domain name was registered to Swanky Partners and now alleges customer confusion over the affiliation of the two establishments. These events prompted Donmar to seek redress for the alleged infringement of its "Leopard Lounge" trademark.

## II. ANALYSIS

A motion to dismiss under Rule 12(b)(2) based on lack of personal jurisdiction requires the court to accept the allegations in the plaintiff's complaint as true, as it must accept any uncontested jurisdictional facts presented by the defendant as true. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). While all factual disputes must be resolved in the plaintiff's favor, the plaintiff has the burden to establish a prima facie case for personal jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997).

A federal court can acquire personal jurisdiction over a non-resident defendant in one of two ways. First, general jurisdiction is proper if the defendant has regular, continuous, and systematic contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). Here, Swanky Parnters has no contact with Illinois other than the maintenance of an

Internet web site. Thus, there are no regular, continuous, or systematic contacts to confer general jurisdiction.

Second, in the absence of general jurisdiction, a court can acquire specific jurisdiction over a non-resident defendant when the claim arises from or is related to the defendant's contacts with the forum. *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). Because Swanky Partners' only relevant contacts with Illinois concern the maintenance of an Internet web site, only an analysis of specific jurisdiction is appropriate here.

To establish a prima facie case for specific personal jurisdiction in federal question cases a plaintiff must show (1) that the assertion of jurisdiction does not violate due process requirements (characterized as "traditional notions of fair play and substantial justice") and (2) that the defendant is amenable to process. *See, e.g., Watchworks, Inc. v. Total Time, Inc.*, 2002 WL 424631 (N.D.Ill. 2002). We address these elements in reverse order.

**A. Amenability To Service**

Federal Rule of Civil Procedure 4(k) states that a defendant is amenable to service when authorized by statute or when the defendant is subject to the forum state's long arm statute, thereby conferring personal jurisdiction. As the Lanham Act does not provide for national service of process, the court must look to the Illinois long arm statute to determine if the defendant is amenable to process. *LFG, LLC v. Zapata Corp.*, 78 F.Supp.2d 731, 734 (N.D.Ill. 1999). Because Illinois authorizes personal jurisdiction to the maximum extent allowed by the Illinois and federal constitutions, this inquiry collapses into the due process inquiry below. *See, e.g., Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F.Supp.2d 824, 833 (N.D.Ill. 2000); 735 ILCS 5/2-209(c).

**B. Due Process**

Federal due process requirements are met when (1) the defendant has sufficient minimum contacts with the forum state such that he has purposefully availed himself of the benefits and

3

protections of the forum state's law; (2) the claim arises out of defendant's specific contacts with the forum state; and (3) the exercise of jurisdiction is reasonable. *Euromarket Designs*, 96 F.Supp.2d at 833. As discussed below, Swanky Partners lacks minimum contacts and purposeful availment with Illinois. Thus, we need not address the latter two requirements.

**Minimum Contacts and Purposeful Availment**

A defendant has minimum contacts when a plaintiff shows that the defendant "reasonably anticipated being haled into court" in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Furthermore, a defendant may expect to be haled into court if he "purposefully avails" himself of the "privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* at 475.

Donmar argues that Swanky Partners established minimum contacts in two ways. First, Donmar claims that Swanky Partners subjected itself to Illinois jurisdiction by committing a tort within its boundaries under the effects doctrine. Second, Donmar claims that Swanky Partners could have established minimum contacts by maintaining an Internet web site under the sliding scale test of Internet activity. We analyze these arguments in turn below.

a. Effects Doctrine

The Illinois long arm statute provides a list of specific actions that will authorize the jurisdiction of Illinois courts. One such act is the "commission of a tortious act within this state." 735 ILCS 5/2-209(a)(2). Donmar asserts that since Swanky Partners has committed a tort within Illinois (trademark infringement), it is subject to the jurisdiction of Illinois courts under the effects (or last act) doctrine.

The effects doctrine provides that personal jurisdiction over a defendant is proper when the defendant's intentional, tortious acts are expressly aimed at the forum state and they cause harm to the plaintiff, which harm the defendant knows is likely to be suffered. *Euromarket Designs*, 96

4

F.Supp.2d at 834. However, the Seventh Circuit has clearly drawn a line between the commission of a tort affecting interests in Illinois and the commission of a tort that merely inflicts economic injury in Illinois. *See, e.g., Turnock*, 816 F.2d at 334-35. "An Illinois court does not acquire jurisdiction under the last act doctrine simply because an economic loss is felt in Illinois when all the conduct contributing to the injury occurred outside Illinois." *Id.* (citing *Green v. Advance Ross Electronics Corp.*, 427 N.E.2d 1203, 1206 (1981)). Cases allowing specific personal jurisdiction over a non-resident defendant for the commission of a tort are limited to instances where there is an additional entrance into the forum or intentional injury. *See also Lifeway Foods, Inc. v. Fresh Made, Inc.*, 940 F.Supp. 1316, 1319 (N.D.Ill. 1996); *Indianapolis Colts, Inc. v. Metro. Baltimore Football Club, Ltd.*, 34 F.3d 410, 412 (7th Cir. 1994).

Here, Swanky Partners has conducted all activity outside of Illinois. Other than the maintenance of a web site (which cannot be said to have been "aimed at the forum state"), there is no evidence of any contacts with Illinois. Furthermore, the injury alleged by plaintiff is purely economic and thus is not enough to allow the effects doctrine to confer personal jurisdiction. Donmar has not disputed any of the above assertions. Thus, given the fact that Swanky Partners had no additional entrance into Illinois, had no reason to know its actions would cause suffering in Illinois, and has merely caused economic injury, the effects doctrine does not confer personal jurisdiction.

b. Sliding Scale Test for Internet Activities

The only possible "contact" Defendant has with Illinois is a web site, so we next consider the Internet based claim for personal jurisdiction. While the Seventh Circuit has not addressed Internet claims for personal jurisdiction, we find the "sliding scale" framework set forth in *Zippo Manufacturing Company v. Zippo Dot Com. Inc.*, 952 F.Supp. 1119, 1123-24 (W.D.Pa. 1997), to be instructive. *See also Euromarket Designs*, 96 F.Supp. 2d at 836. The sliding scale framework

divides Internet activity into three categories: (1) those in which the defendant clearly transacts business in foreign jurisdictions over the Internet; (2) those in which the defendant operates an interactive web site that allows defendant and potential customers in foreign jurisdictions to communicate regarding defendant's goods or services; and (3) those in which a defendant has posted information on the Internet but has no further communication with potential customers via the Internet. *Id.*

Courts generally exercise personal jurisdiction over defendants maintaining web sites that actively do business over the Internet. *Id.* In general, courts do not exercise jurisdiction over merely passive web sites. *Id.* However, for web sites that are interactive but do not conduct business, a court must "examine the level of interactivity and commercial nature of the exchange of information that occurs on the web site." *Zippo Mfg. Co.*, 952 F.Supp. at 1123-24. Only an additional entrance into the forum suffices to confer personal jurisdiction in category three cases. *See Transcraft Corp. v. Doonan Trailer Corp.*, 45 U.S.P.Q.2d 1097, 1103 (N.D.Ill.1997).

Swanky Partners concedes that their web site falls into category two. Here, Swanky Partners does not transact business over the Internet. While customers may join a mailing list and receive driving directions from the web site, out-of-state residents are immediately removed from the mailing list, and the site only provides driving directions from locations within Atlanta. Def. Brief at 2. Furthermore, Swanky Partners' motion and exhibits demonstrate that it has no affiliations with Illinois whatsoever. Swanky Partners has no business address, telephone, or mailing address in Illinois. None of its suppliers operate out of Illinois, and none of its advertisements are distributed outside of Atlanta. Donmar has failed to controvert this testimony and has furthermore failed to provide evidence of any additional entrance into Illinois. Clearly the quality and nature of Defendant's Internet conduct is not designed to target any out-of-state residents, let alone the

residents of Illinois. Since the level of Swanky Partners' conduct is minimally interactive and commercial, the exercise of personal jurisdiction would not be proper.

IV. CONCLUSION

For the foregoing reasons, Swanky Partner's motion to dismiss for lack of personal jurisdiction is granted.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 8/19/02